ATTORNEYS FOR APPELLANT
Andrew C. Mallor
Kendra G. Gjerdingen
Mallor Clendening Grodner & Bohrer LLP
Bloomington, Indiana

ATTORNEYS FOR APPELLEE
Andrew Z. Soshnick
Teresa A. Griffin
Baker & Daniels LLP
Indianapolis, Indiana

Michael T. Sullivan
Mayer Brown LLP
Chicago, Illinois

# In the
# Indiana Supreme Court

**FILED**

Feb 08 2011, 11:02 am

*[signature]*

**CLERK**
of the supreme court,
court of appeals and
tax court

No. 06S05-1102-CV-73

MARIEA L. BEST,                                          *Appellant,*

v.

RUSSELL C. BEST,                                          *Appellee*.

Appeal from the Boone Circuit Court, No. 06C01-0209-DR-381
The Honorable Rebecca S. McClure, Special Judge

On Petition to Transfer from the Indiana Court of Appeals, No. 06A05-0908-CV-484

**February 8, 2011**

**Dickson, Justice.**

In its resolution of intensely litigated post-dissolution motions on various issues primarily related to the custody of the parties' two children, a son, A.B., and a daughter, M.B., the trial court granted the father sole legal custody and primary physical custody of both A.B. and M.B. The mother appealed the decisions related to M.B., and the Court of Appeals affirmed in part and reversed in part in a memorandum decision. We now grant transfer and affirm the trial court's modification of physical custody.

The parties' 2004 dissolution decree incorporated their property settlement agreement. In February 2005, the court approved the parties' agreement concerning child custody, support, and parenting time. Subsequent disputes regarding custody, parenting time, and support were resolved by a court-approved agreement in April 2007 following mediation. Four months later, the father filed a petition for a contempt citation alleging that the mother failed to enroll their daughter in public school pursuant to the court-approved agreement. In responding, the mother petitioned for modification. The trial court found the mother in contempt, ordered that she enroll the daughter in public school, and denied the mother's modification request. Asserting the mother's additional non-compliance with the agreement, the father petitioned for custody modification in September 2008. The mother responded with her own modification petition, and the father filed an emergency petition for contempt on grounds that the mother was denying him parenting time with the son. An emergency hearing was scheduled, and the day before the hearing, the mother filed her own emergency petition regarding communications with the children and for temporary custody of the son. Following a contested hearing, the trial court found the mother in contempt and ordered her to return the son to the father or spend five days in jail.

The judgment on appeal is that of Special Judge Rebecca McClure following four days of testimony on six motions seeking modification of legal and physical custody, and raising ancillary issues including contempt, parenting coordinator recommendations, and attorney fees related to discovery disputes. Judge McClure has had extensive interaction with the parties since November 7, 2007 when she became the special judge in this matter. Judge McClure has become very familiar with the parties, their situation, and their inability to cooperate with each other. Her decision in this matter consists of a 46-page judgment that includes 184 detailed items denominated as findings of fact and 37 additional items denominated as conclusions of law. The trial court judgment granted the father's petition to modify and awarded him sole legal custody and primary physical custody of both A.B. and M.B., denied the mother's petitions for modification and contempt, and found the mother in contempt for her failure to pay attorney fees.

In its review of the mother's appeal, the Court of Appeals restated the issues presented as follows: (1) whether the trial court erred in refusing the mother's request to order a custody evaluation; (2) whether the trial court properly modified legal custody of M.B.; (3) whether the trial

2

court properly modified physical custody of M.B.; and (4) whether the trial court properly found the mother in contempt for failure to pay previously-awarded attorney fees for the father. The court rejected the first two claims, and as to the fourth issue, it reversed the finding of contempt but affirmed the trial court's decision to reduce to judgment the unpaid attorney fee obligation. With respect to the first, second, and fourth determinations, we summarily affirm the decision of the Court of Appeals.[1] We grant transfer solely to address the mother's challenge to the modification of M.B.'s physical custody.

In seeking to overturn the trial court's decision to modify M.B.'s physical custody from being equally divided between the parents to being fully with the father, the mother asserts two claims: (1) the trial court failed to find a change of circumstances in any of the statutory factors, and it failed to find the modification to be in M.B.'s best interest; and (2) the trial court erred by denying her petition for primary physical custody of M.B., arguing that the trial court's decision is contrary to the logic and effect of the evidence.

When reviewing judgments with findings of fact and conclusions of law, Indiana's appellate courts "shall not set aside the findings or judgment unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses." Ind. Trial Rule 52(A). Appellate judges are not to reweigh the evidence nor reassess witness credibility, and the evidence should be viewed most favorably to the judgment. *See* Ind. Dep't. of Child Servs. v. LaPorte Circuit Court (In re T.S.), 906 N.E.2d 801, 804 (Ind. 2009); J.I. v. J.H. (In re K.I.), 903 N.E.2d 453, 457 (Ind. 2009); Dunson v. Dunson, 769 N.E.2d 1120, 1123 (Ind. 2002). "Findings are clearly erroneous only when the record contains no facts to support them either directly or by inference." Yanoff v. Muncy, 688 N.E.2d 1259, 1262 (Ind. 1997) (quoting Estate of Reasor v. Putnam County, 635 N.E.2d 153, 158 (Ind. 1994)). Appellate deference to the determinations of our trial court judges, especially in domestic relations matters, is warranted because of their unique, direct interactions with the parties face-to-face, often over an extended period of time. Thus enabled to assess credibility and character through both factual testimony and intuitive discernment, our trial judges are in a superior position to ascertain information and apply common sense, particularly in the determination of the best interests of the involved children.

---

[1] Ind. Appellate Rule 58(A)(2).

3

The mother first challenges the trial court's modification of physical custody on the ground that such ruling lacks two crucial supporting findings: (a) a change of circumstances in any of the statutory factors and (b) that the modification is in M.B.'s best interests. A court may modify a child custody order if it finds that the modification is in the best interests of the child and that there has been a substantial change in one or more designated statutory factors.[2] Ind. Code § 31-17-2-21. Thus we must reject this claim by the mother if the trial court's modification of physical custody is supported by findings of (a) a substantial change in at least one of the statutory factors, and (b) that modification was in M.B.'s best interests.

The court explicitly noted, "[a]lthough they disagree as to the facts upon which the Court should rely in modifying custody, the parties agree that there has been a substantial and continuing change in circumstance in one or more of the above cited factors and that it is in the best interest of the children that custody be modified." Appellant's App'x at 97–98. Even more significant, the trial court's judgment contains its own express finding that "a substantial change has occurred in one or more of the factors set forth in I.C. 31-17-2-8." *Id.* at 105. And the trial court supports this conclusion by expressly listing each of the statutory factors and specifically discussing the evidence relevant to each factor. *Id.* at 98–104. As to the best interests of M.B., the trial court's detailed ruling declares "that it is the best interest of the children that [the father] be

---

[2] The designated statutory factors are the ones the legislature has identified for consideration with any custody determination. They consist of the following (excluding the factors applicable in cases involving a de facto custodian):
    (1) The age and sex of the child.
    (2) The wishes of the child's parent or parents.
    (3) The wishes of the child, with more consideration given to the child's wishes if the child is at least fourteen (14) years of age.
    (4) The interaction and interrelationship of the child with:
        (A) the child's parent or parents;
        (B) the child's sibling; and
        (C) any other person who may significantly affect the child's best interests.
    (5) The child's adjustment to the child's:
        (A) home;
        (B) school; and
        (C) community.
    (6) The mental and physical health of all individuals involved.
    (7) Evidence of a pattern of domestic or family violence by either parent.
Ind. Code § 31-17-2-8.

awarded sole legal custody and primary physical custody of both [A.B.] and [M.B.], subject to [the mother's] right to parenting time." *Id.* at 106. The trial court also finds "that [the father] makes decisions of import regarding education, health care and social interactions in the children's lives more in the children's best interest than does [the mother]." *Id.* at 105. Clearly, the trial court has made the necessary findings that there has been a substantial change in one or more of the statutory factors and that the modification of physical custody is in M.B.'s best interests.

Also with respect to physical custody, the mother contends that the trial court erred in failing to award her primary physical custody of M.B. In support, the mother points to various items of evidence that she contends favors her position. The mother's appeal does not contend that the court's findings are not supported by the evidence but rather challenges the court's weighing and evaluation of the evidence, urging that the trial court's failure to rule in her favor is contrary to the logic and effect of the evidence. In response, the father directs us to numerous other evidentiary facts that support the trial court's decision.

As we expressed in Kirk v. Kirk, 770 N.E.2d 304 (Ind. 2002), "on appeal it is not enough that the evidence might support some other conclusion, but it must positively require the conclusion contended for by the appellant before there is a basis for reversal." *Id.* at 307 (quoting Brickley v. Brickley, 247 Ind. 201, 204, 210 N.E.2d 850, 852 (1965)). We cannot weigh the evidence but must consider it in a light most favorable to the judgment. Quillen v. Quillen, 671 N.E.2d 98, 102 (Ind. 1996). An appellate court may not substitute its own judgment for that of the trial court if any evidence or legitimate inferences support the trial court's judgment. Kirk, 770 N.E.2d at 307.

In summary, sufficient findings were made to support the trial court's decision to modify the physical custody of M.B. And because the mother does not establish a complete absence of evidence supporting the trial court's denial of the mother's request for full physical custody of M.B., we decline to reverse the denial. We find no error in the trial court's decision to place M.B.'s primary physical custody with the father, subject to its specifications of parenting time, which are not challenged. In all other respects the decision of the Court of Appeals is summarily

5

affirmed. For these reasons, the judgment of the trial court is affirmed, except as to the finding that the mother is in contempt, which is reversed.

Shepard, C.J., and Rucker, J., concur. Sullivan, J., dissents and would deny transfer, believing the decision of the Court of Appeals to be correct. David, J., not participating.