**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Feb 28 2012, 9:08 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**KELLEY Y. BALDWIN**
Yeager Good & Baldwin
Shelbyville, Indiana

ATTORNEY FOR APPELLEE:

**ROBERT D. WICKENS**
Wickens & Wickens, LLC
Greensburg, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| MIRANDA HERBERT, | ) | |
| | ) | |
| Appellant-Petitioner, | ) | |
| | ) | |
| vs. | ) | No. 16A01-1109-DR-418 |
| | ) | |
| STEVEN HERBERT, | ) | |
| | ) | |
| Appellee-Respondent. | ) | |

APPEAL FROM THE DECATUR SUPERIOR COURT
The Honorable Matthew D. Bailey, Judge
Cause No. 16D01-1001-DR-13

**February 28, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BROWN, Judge**

Miranda Herbert ("Mother") appeals the trial court's grant of the request to prevent the relocation of her children filed by Steven Herbert ("Father"). Mother raises one issue which we revise and restate as whether the court abused its discretion in granting Father's request to prevent the relocation of the children. We affirm.

The relevant facts follow. During their marriage, Mother and Father had four children born in 1999, 2002, 2004, and 2006. The marriage was dissolved on August 13, 2010, and the settlement agreement provided that Mother have primary legal and physical custody of the children. Mother lived in the former marital residence with the children in Greensburg, Indiana. At some point, Mother became engaged to Justin Burt who lives in Columbus, Indiana. On May 16, 2011, Mother filed a Verified Notice of Intent to Relocate which indicated that she was moving to Columbus. Mother indicated that she was moving because she was "engaged to Justin Burt with plans to be married within the very near future," that the current home of Mother and the children was the former marital residence which had been listed for sale for several months and they would be required to vacate the residence upon its sale, that the relocation will allow Mother to remain a "stay-at-home mother," and that the relocation "will minimize the opportunities Father has available to him to harass Mother . . . ." Appellant's Appendix at 27.

On June 3, 2011, Father filed a Verified Motion to Prevent Relocation, to Modify Custody, and to Order a Custody Evaluation. Father objected to Mother relocating with the children pursuant to Ind. Code § 31-17-2.2-5. On June 6, 2011, the court ordered a custody evaluation. At some point, Mother and the children relocated to the western side of Columbus, Indiana, and lived with Burt.

2

On August 3, 2011, Mother filed a Motion for Continuance and Notice to Court which indicated that Mother would be proceeding with the relocation. On August 9, 2011, Father filed a Response to Notice, Motion for Restraining Order, and Request for Emergency Hearing.

On August 26, 2011, the court held a hearing on the relocation issue. After the hearing, the court denied Mother's petition to relocate, and the court's order stated:

> The Petitioner, Miranda Herbert (hereinafter referred to as "Mother"), filed Petitioner's Verified Notice of Intent to Relocate Pursuant to I.C. § 31-17-2.2 on May 16, 2011. The Respondent, Steven Herbert (hereinafter referred to as "Father"), filed his Verified Motion to Prevent Relocation, to Modify Custody, and to Order a Custody Evaluation on June 3, 2011. On August 26, 2011 the Court heard evidence and the argument of counsel with regard only to the issue of Mother's relocation. The parties agreed that the remaining, pending issues will be heard at a later date. The Court now FINDS as follows:
>
> 1. Mother and Father have four minor children. Mother has primary legal and physical custody of the children, and Father has parenting time pursuant to the parenting time guidelines with minor alterations.
>
> 2. Pursuant to Indiana Code § 31-17-2.2-1, on May 16, 2011 Mother filed notice of her intention to relocate with the children to Columbus, Indiana.
>
> 3. On June 3, 2011, Father filed his Verified Motion to Prevent Relocation, to Modify Custody, and to Order a Custody Evaluation. In his motion, Father objected to Mother's relocation and requested that the relocation be prevented.
>
> 4. Father's request is for an order preventing relocation of the children, and Indiana Code § 31-17-2.2-5 is the controlling statutory provision.
>
> * * * * *
>
> 7. Prior to the hearing of this matter, Mother relocated with the children to Columbus, Indiana. Prior to the relocation, Mother and

3

the children had resided in Greensburg, Indiana. Father resides in the Greensburg area.

8. Mother's boyfriend owns the home in Columbus to which Mother has relocated. Mother's boyfriend's place of employment is closer to Greensburg than it is to Columbus. Mother's boyfriend resides in Columbus so that he can be the caregiver for his minor child when that child's mother works in Columbus.

9. Mother's reason for relocating to Columbus is to allow her to live with her boyfriend.

10. Mother has failed to prove that the relocation is for a legitimate reason.

11. Father's request to prevent the relocation of the children should be granted.

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED:

A. The parties' minor children are to be returned to Decatur County within thirty (30) days of the date of this order.

B. The parties' minor children shall not be relocated out of Decatur County without the prior authorization of the Court.

C. All remaining, pending issues are set for hearing on the 14th day of Oct. 2011 at 8:30 A.M.

Id. at 11-13.

The issue is whether the court abused its discretion in granting Father's request to prevent the relocation of the children. Under Chapter 2.2, there are two ways to object to a proposed relocation under the relocation chapter: a motion to modify a custody order, Ind. Code § 31-17-2.2-1(b), and a motion to prevent relocation of the child, Ind. Code § 31-17-2.2-5(a). Baxendale v. Raich, 878 N.E.2d 1252, 1256 n.5 (Ind. 2008). While Father filed a Verified Motion to Prevent Relocation, to Modify Custody, and to Order a Custody Evaluation, the hearing and the court's order addressed only the issue of

4

Mother's relocation.  Accordingly, we review Ind. Code § 31-17-2.2-5.[1]  Under Ind. Code § 31-17-2.2-5(c), Mother was required to prove that "the proposed relocation is made in good faith and for a legitimate reason."  "If this burden is met, the nonrelocating individual must prove that 'the proposed relocation is not in the best interest of the child.'"[2]  Baxendale, 878 N.E.2d at 1256 n.5 (quoting Ind. Code § 31-17-2.2-5(d)).  When a relocation is made in good faith, the analysis ultimately turns on the best interests of the child.  Id.

[1] We observe that Ind. Appellate Rule 14(A) provides that parties are permitted to appeal "as a matter of right" an order "[g]ranting or refusing to grant, dissolving, or refusing to dissolve a preliminary injunction."

[2] Ind. Code § 31-17-2.2-1(b) provides:

Upon motion of a party, the court shall set the matter for a hearing to review and modify, if appropriate, a custody order, parenting time order, grandparent visitation order, or child support order.  The court shall take into account the following in determining whether to modify a custody order, parenting time order, grandparent visitation order, or child support order:

  (1)  The distance involved in the proposed change of residence.

  (2)  The hardship and expense involved for the nonrelocating individual to exercise parenting time or grandparent visitation.

  (3)  The feasibility of preserving the relationship between the nonrelocating individual and the child through suitable parenting time and grandparent visitation arrangements, including consideration of the financial circumstances of the parties.

  (4)  Whether there is an established pattern of conduct by the relocating individual, including actions by the relocating individual to either promote or thwart a nonrelocating individual's contact with the child.

  (5)  The reasons provided by the:

    (A)  relocating individual for seeking relocation; and

    (B)  nonrelocating parent for opposing the relocation of the child.

  (6)  Other factors affecting the best interest of the child.

The Indiana Supreme Court has expressed a preference for granting latitude and deference to our trial judges in family law matters. In re Marriage of Richardson, 622 N.E.2d 178, 178 (Ind. 1993). The Indiana Supreme Court recently stated that we afford such deference because of trial judges' "unique, direct interactions with the parties face-to-face." Best v. Best, 941 N.E.2d 499, 502 (Ind. 2011). "Thus enabled to assess credibility and character through both factual testimony and intuitive discernment, our trial judges are in a superior position to ascertain information and apply common sense, particularly in the determination of the best interests of the involved children." Id.; see also Kirk v. Kirk, 770 N.E.2d 304, 307 (Ind. 2002). "[O]ur review of the best interests determination requires us to view the evidence in a light most favorable to the trial court's decision and defer to the trial court's weighing of the evidence." T.L. v. J.L., 950 N.E.2d 779, 788-789 (Ind. Ct. App. 2011), reh'g denied.

Mother argues that "[t]he evidence before the trial court positively required the trial court to conclude that Mother's decision to relocate was made in good faith and for a legitimate reason." Appellant's Brief at 14. Mother also argues that Father has failed to show that her relocation is not in the best interests of the children. Mother argues that the sale of the parties' former marital residence where she and the children were residing was imminent and that "[u]pon the sale of the former marital residence, Mother would be required to find full-time employment if she had to find other housing, but would be allowed to remain as a stay-at-home mother if she and the children moved into [Burt's] home." Id. at 15. Mother argues that her and "the children's need for housing and the benefits to the children from Mother remaining a stay-at-home mother, alone, supported

6

no other conclusion the trial court could have reached other than the conclusion that Mother's decision to relocate was made in good faith and for a legitimate reason." Id.

Father argues that the court did not abuse its discretion by finding that Mother did not meet her burden to prove that the relocation of the children was for a legitimate reason. Father argues that the court "reasonably concluded that the convenience of the Mother's boyfriend was not a legitimate reason to relocate [the] children." Appellee's Brief at 7. Father argues that "Mother's desire not to work should not require that the children be moved away from their hometown, their school, their family, and their friends." Id. at 8. Father also argues that relocation is not in the best interests of the children.

During the hearing, Mother testified that Father was "very insistent on reducing the price of that home so that it sells expeditiously." Transcript at 12. Mother also testified that Burt's neighborhood is extremely child friendly, that the children have bonded with Burt, that Father's drive would increase by "five, ten minutes at the most," that the larger class sizes at the public school in Columbus offer more opportunities for the children to make friends, and that the children are enrolled to attend religious education classes. Id. at 21.

With respect to the Mother's move to Columbus, Father testified:

Our house, that [Mother] and I currently own, is closer and is shorter to [Burt's] place of employment than his current residence is in Columbus. Um, the reason why they chose Columbus was to make it more convenient for [Burt] to have his, his newborn daughter, at the time, and he picks her up from the babysitter in Franklin on his way back from work everyday. He keeps her a few hours then takes her to her mother, that works at Columbus Hospital, where she works second shift. The mother then takes her to her place in Franklin, where she has physical custody and she never

7

plans on intending to leave Franklin or moving to Columbus. This is the only reason why my kids had to move to Columbus. [Burt] gets to keep things nice and easy for him and my kids are asked to sacrifice everything they know here in Greensburg.

Id. at 7.

Father testified that when the children lived in Greensburg he would pick them up from school at 2:45 and return them to Mother at 8:00 p.m. Father testified that "[e]ach time I get [the children], will mean they are spending an hour or to an hour and a half in the car, if they were living at [Burt's] current residence." Id. Father testified that if the children lived in Greensburg then "they could ride the bus or be picked up and returned at a decent time and not be, have to be put through the, the ordeal of riding in the car for that long of time, twice a week." Id. Father indicated that he and the children would "have more quality time and less non productive time driving" if the children lived in Greensburg. Id.

With respect to the change in the children's education, Father testified: "As far as school goes, they are going from class sizes of fourteen (14) or less at Saint Mary's to class sizes of thirty (30) or more at Columbus. Saint Mary's kids get more attention, do better academically and grow up with Christian based values." Id. at 8. Father testified that "Saint Mary's has proven that the kids that have attended there do better than the public school kids." Id. Father also testified that "the oldest three (3) kids have a, have a good core or group of friends." Id.

According to Father, the children "have no family" in Columbus and "[a]lmost their entire family has grown up [in Decatur County] and still remain [there]." Id. at 9. Father testified that "[t]he convenience of having everyone here means a lot" and the

8

children "have easy access to all the people that love them the most." Id. Father indicated that he would have no problem with Mother staying in the marital residence with the children.

While we acknowledge that Mother presented evidence that would support the opposite outcome, we will not reweigh conflicting evidence and, based upon Father's testimony, cannot say that the trial court abused its discretion in concluding that Mother failed to prove that the relocation is for a legitimate reason or that the court abused its discretion in granting Father's request to prevent the relocation of the children. See Swadner v. Swadner, 897 N.E.2d 966, 977 (Ind. Ct. App. 2008) (acknowledging that the evidence presented by the mother would support the conclusion that relocation was in the children's best interests, but holding that the father's evidence supported the court's determination that relocation was not in the children's best interests, and concluding that the court had not abused its discretion in denying mother's petition to relocate).

For the foregoing reasons, we affirm the court's order granting Father's request to prevent the relocation of the children.

Affirmed.

MAY, J., and CRONE, J., concur.