**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Apr 30 2012, 9:37 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**DAWN E. WELLMAN**
Allen Wellman McNew LLP
Greenfield, Indiana

ATTORNEYS FOR APPELLEE:

**RYAN H. CASSMAN**
**CATHY M. BROWNSON**
Coots, Henke & Wheeler, P.C.
Carmel, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| C.F., | ) | |
| | ) | |
| Appellant-Petitioner, | ) | |
| | ) | |
| vs. | ) | No.  30A01-1110-DR-467 |
| | ) | |
| M.R., | ) | |
| | ) | |
| Appellee-Respondent. | ) | |

APPEAL FROM THE HANCOCK SUPERIOR COURT
The Honorable Terry K. Snow, Judge
Cause No. 30D01-0604-DR-268

**April 30, 2012**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**BAKER, Judge**

C.F. (Mother) appeals the trial court's order granting M.R.'s (Father) motion to modify custody of the parties' five-year-old son, A.R. Specifically, Mother argues that the trial court improperly modified custody based on evidence of a change that was not substantial enough to justify the modification. Finding no error, we affirm the decision of the trial court.

## FACTS

Mother and Father were married in 2001, and A.R. was born in 2005. The parties' marriage was dissolved in 2008. At that time, the parties both lived in Greenfield where A.R. attended pre-school and participated in activities such as soccer and swimming. The trial court awarded physical custody of A.R. to Mother and awarded Father 182 days of parenting time per year. The parties agree that they basically split custody of A.R. This arrangement worked well until Mother and Father both moved, and it became time for A.R. to enter kindergarten. In June 2010, Father filed a petition for modification of child custody.

Testimony at the hearing on Father's petition revealed that Father now lives in Indianapolis with two children from prior relationships, his pregnant wife, and her three-year-old daughter. Father is employed as a fire fighter and works a rotating shift of twenty-four hours on duty and forty-eight hours off duty. Mother lives in Knightstown with her boyfriend and his children. She is employed as an optician.

2

The testimony further reveals that Father requested the modification of custody so that A.R. could attend a private Lutheran school and grow up with his half-sisters. Father explained that he would be able to pick up A.R. and his sisters after school and take them home on the three to four days per week he is off duty. A.R. would have more stability in his life because he would not have to make the frequent trips between Henry County and Marion County. A.R.'s stepmother testified that the family lives in a three-bedroom home with a pool and a hot tub, and A.R. has his own bedroom. A.R. and his stepmother get along well. Mother testified that she lives in Knightstown in her boyfriend's house. She planned for A.R. to attend a public school in Knightstown. He would ride the school bus to a babysitter's house in the afternoon.

Following the hearing, the trial court recognized that this was a "hum dinger" of a case because both parents love A.R. and have historically been able to "negotiate things out." Tr. p. 102. The court told the parties that it was taking the matter under advisement because it had to "think about [and sleep on] this one a little bit." Id. at 103. The trial court subsequently issued an order modifying custody in favor of Father and awarding Mother extended parenting time to include every weekend from 6:00 p.m. on Friday evening until 7:00 p.m. on Sunday evening as well as one-half of summer vacation time and every spring break. In its order, the trial court explained that the two parties have basically shared split custody since the dissolution and that there is no preference for one parent over the other. The court further explained that it had considered all of the

3

statutory factors and found a substantial and continuing change in circumstances caused by A.R.'s increased age and readiness for regular school. Mother now appeals.

## DISCUSSION AND DECISION

We review child custody modifications for an abuse of discretion. <u>Julie C. v. Andrew C.</u>, 924 N.E.2d 1249, 1256 (Ind. Ct. App. 2010). Appellate deference to the determinations of our trial court judges, especially in domestic relations matters, is warranted because of their unique, direct interactions with the parties face-to-face, often over an extended period of time. <u>Best v. Best</u>, 941 N.E.2d 499, 502 (Ind. 2011). Trial court judges are therefore able to assess witness credibility and character through both factual testimony and intuitive discernment. <u>Id.</u> They are also in a superior position to ascertain information and apply common sense, particularly in the determination of the best interests of the involved children. <u>Id.</u>

In the initial custody determination, both parents are presumed equally entitled to custody, but a petitioner seeking a subsequent modification bears the burden of demonstrating that the existing custody order should be altered. <u>Julie C.</u>, 924 N.E.2d at 1256. When reviewing a trial court's decision modifying custody, we may not reweigh the evidence or judge the credibility of witnesses. <u>Id.</u> Rather, we consider only the evidence most favorable to the judgment and any reasonable inferences to be drawn therefrom. <u>Id.</u>

4

Indiana Code section 31-17-2-21 provides that a trial court may not modify a child custody order unless 1) the modification is in the best interests of the child, and 2) there is a substantial change in one or more of the factors that the court may consider under Indiana Code section 31-17-2-8. Section 31-17-2-8[1] provides that the trial court is to consider all relevant factors, including:

(1)     The age and sex of the child.
(2)     The wishes of the child's parent or parents.
(3)     The wishes of the child, with more consideration given to the child's wishes if the child is at least fourteen (14) years of age.
(4)     The interaction and interrelationship of the child with:
    (A)     the child's parent or parents;
    (B)     the child's sibling; and
    (C)     any other person who may significantly affect the child's best interests.
(5)     The child's adjustment to the child's:
    (A)     home;
    (B)     school; and
    (C)     community.
(6)     The mental and physical health of all individuals involved.
(7)     Evidence of a pattern of domestic or family violence by either parent.
(8)     Evidence that the child has been cared for by a de facto custodian.

Here, Mother first contends that the trial court erred when it found that the parties had split custody of A.R. because the dissolution decree clearly awarded Mother primary physical custody of her son. However, our review of the evidence reveals that although Mother had physical custody of her son, the court order provided Father with 182

---

[1] Mother correctly points out that the trial court stated that it considered the factors set forth in Indiana Code section 31-14-13-2, which is the paternity statute rather than the child custody modification statute. However, both statutes set forth the same factors. The trial court therefore considered the proper factors, and the court's only mistake was as to the citation.

overnight visits. Further, during her testimony, Mother admitted that she and Father split custody of their son. We find no error in the trial court's statement, which is supported by the facts and the parties' admissions, is not erroneous, and we find no error.

Mother also argues that the trial court erred in modifying custody in favor of Father. However, our review of the evidence reveals that the trial court's judgment contains its own express finding that there was a substantial change in circumstances caused by A.R.'s increased age and his preparing to go to regular school. We cannot conclude that this was error, and Mother's argument that the change was not substantial enough to support the custody modification is merely a request to reweigh the evidence, which we cannot do.

Put another way, an appellate court may not substitute its own judgment for that of the trial court if any evidence or legitimate inferences support the trial court's judgment. Best, 941 N.E.2d at 503. On appeal it is not enough that the evidence might support some other conclusion, but it must positively require the conclusion contended for by the appellant before there is a basis for reversal. Id. Here, the evidence simply does not positively require Mother's conclusion, and we find no error in the trial court's decision to place A.R.'s primary physical custody with Father, subject to its specifications of parenting time, which Mother does not challenge.

The judgment of the trial court is affirmed.

KIRSCH, J., and BROWN, J., concur.

6