BARNES, Judge,
dissenting.
[53] I respectfully dissent. The standard of review in child custody matters is well-settled. “Appellate judges are not to reweigh the evidence nor reassess witness credibility, and the evidence should be viewed most favorably to the judgment.” Best v. Best, 941 N.E.2d 499, 502 (Ind. 2011)., This is because, “enabled to assess credibility and character through both factual testimony and intuitive discernment, our trial judges are in a superior position to ascertain information and apply common sense) particularly in the determination of. the best interests of the involved children.” Id. On appeal, it is not enough that the evidence might support some other conclusion, it must positively require the conclusion urged by the appellant before there is a basis for reversal. Kirk v. Kirk, 770 N.E.2d 304, 307 (Ind.2002).
[54] In my opinion, this is not a case in which the evidence compels the modification of custody to Mother. Despite evidence of both parents’ shortcomings, the guardian ad litem testified that Mother and Father “are good involved parents” and agreed that J.S. has “a wonderful relationship with each of her parents[.]” Tr. pp. 70, 67. The guardian ad litem declined to make a firm recommendation in this case because it was “such a close call.” Id. at 66. Based on this evidence, I believe this is the very circumstance in which long-standing precedent requires us to defer to the trial court’s assessment of witnesses and to affirm the trial court’s decision. For these reasons, I dissent.