## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



ATTORNEY FOR APPELLANT

Erik H. Carter
Carter Legal Services LLC
Noblesville, Indiana

APPELLEE PRO SE

Jennifer D. Badger
Fishers, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Randolph Paul Badger, Jr.,

*Appellant-Respondent,*

v.

Jennifer Diane Badger,

*Appellee-Petitioner*

February 24, 2016

Court of Appeals Case No.
29A02-1508-DR-1156

Appeal from the Hamilton
Superior Court

The Honorable William
Greenaway, Magistrate

Trial Court Cause No.
29D02-1202-DR-1471

**Baker, Judge.**

[1] Randolph Badger (Father) appeals the judgment of the trial court awarding primary physical custody of his two children to Jennifer Badger (Mother). Finding no error, we affirm.

## Facts

[2] Mother and Father have two sons born in 2009 and 2011. Mother and Father divorced in 2012 and agreed to share joint legal and physical custody of the children. At the time of the divorce, Mother and Father lived relatively close to each other. However, as of the date of the hearing at issue in this case, Father had remarried and resided with his wife and two step-children in Plainfield, while Mother resided with her mother in Fishers. Mother was planning to move into a home with her new boyfriend sometime in the near future.

[3] On February 12, 2015, Mother filed a petition to modify the original physical custody order, noting that the children would soon need to be enrolled in school and that she and Father agreed that shared custody was no longer in the children's best interests. Mother asked the trial court to award her primary physical custody of the children. On March 6, 2015, Father responded, asking the trial court to award him primary physical custody. The trial court held a hearing on July 23, 2015, following which, it entered an order granting primary physical custody to Mother. Father now appeals.

## Discussion and Decision

[4] Father argues that the evidence before the trial court was insufficient to support a modification awarding primary physical custody to Mother. Custody

modification lies within the sound discretion of the trial court and we will not reverse its judgment absent an abuse of discretion. *L.C. v. T.M.*, 996 N.E.2d 403, 407 (Ind. Ct. App. 2013). A trial court abuses its discretion if its decision is clearly against the logic and effect of the facts and circumstances before it. *Id.* Our Supreme Court has observed that

> [a]ppellate deference to the determinations of our trial court judges, especially in domestic relations matters, is warranted because of their unique, direct interactions with the parties face-to-face, often over an extended period of time. Thus enabled to access credibility and character through both factual testimony and intuitive discernment, our trial judges are in a superior position to ascertain information and apply common sense, particularly in the determination of the best interests of the involved children.

*Best v. Best*, 941 N.E.2d 499, 502 (Ind. 2011). Accordingly, we will not reweigh the evidence or judge the credibility of the witnesses. *Id.*

[5] Indiana Code section 31-17-2-21 provides that a trial court may not modify a custody order unless the modification is in the best interest of the child and there has been a substantial change in one or more of the factors that the court may consider in making an initial custody determination under Indiana Code section 31-17-2-8. That section instructs the court to consider all relevant factors, including the following:

(1)    The age and sex of the child.

(2)    The wishes of the child's parent or parents.

(3)     The wishes of the child, with more consideration given to the child's wishes if the child is at least fourteen (14) years of age.

(4)     The interaction and interrelationship of the child with:

    (A)     the child's parent or parents;

    (B)     the child's sibling; and

    (C)     any other person who may significantly affect the child's best interests.

(5)     The child's adjustment to the child's:

    (A)     home;

    (B)     school; and

    (C)     community.

(6)     The mental and physical health of all individuals involved.

(7)     Evidence of a pattern of domestic or family violence by either parent.

(8)     Evidence that the child has been cared for by a de facto custodian . . . .

Ind. Code § 31-17-2-8. The trial court shall also consider these factors in determining how best to modify a custody order. I.C. § 31-17-2-21.

[6]     Father attempts to frame his initial argument as a challenge to the sufficiency of the evidence. He devotes the bulk of his argument to a discussion of the statutory factors that the trial court is to consider, followed by the conclusion that each factor counsels in favor of granting him primary custody. Appellant's Br. p. 12-16. Unsurprisingly, Mother analyzes these same factors and

concludes that they counsel in favor of granting her primary custody. Appellee's Br. p. 6-8. These arguments do not need to be discussed at length as they are requests to reweigh the evidence, which, as we have already noted, we may not do.

[7] A review of the record indicates that the trial court had ample evidence before it from which it could reach its conclusion. At the hearing, it heard testimony from Mother, Mother's boyfriend, Father, and the Guardian ad Litem (GAL). Mother testified that the children were well adjusted to their community in Fishers. Tr. p. 22. She testified that the children have lived in Fishers for longer than they have lived in Plainfield and that she has many family members and friends in the area who could provide support if needed.[1] *Id.* at 22, 30-31. Mother's boyfriend, who has a son of his own, testified that the children spend a lot of time with his son and that the three get along very well together. Tr. p. 112-13. And while the GAL had expressed some concern over the stability of Mother's living situation, the trial court did not find Mother's situation to be any less stable than Father's.[2] Appellant's App. p. 10.

---

[1] Father argues that consideration of Mother's "support system" is inappropriate as such a factor is not explicitly enumerated in Indiana Code section 31-17-2-8. Appellant's Br. p. 21. We disagree. Evidence of Mother's support system is relevant when considering the children's adjustment to their home and community as well as their interactions and relationships with people who may affect their best interests. Both of these factors are explicitly enumerated in the statute. I.C. § 31-17-2-8.

[2] Father argues that this finding is erroneous and that the evidence demonstrated conclusively that his living situation is much more stable than Mother's. Appellant's Br. p. 17. This is simply another request to reweigh the evidence. A review of Father's argument shows that the trial court had ample testimony before it from which it could judge the stability of both parties' living situation and conclude that, on the whole, both situations were equally stable. *Id.* at 17-20.

[8]     The GAL noted that both Mother and Father were good parents and characterized the decision in this case as a close call. Tr. p. 144. The trial court echoed this sentiment in its order, noting that both Mother and Father were caring and loving parents. Appellant's App. p. 9. While we realize that Father disagrees with the trial court's ultimate decision, he has given us no reason to question its judgment. The trial court had sufficient evidence before it from which it could determine that the children's best interests would be served by remaining primarily with their Mother in the Fishers community where they have developed many ties. While Father believes that he made the more compelling case, given the trial court's proximity to the parties and its ability to judge their credibility firsthand, we may not reweigh the evidence to rule in his favor.

[9]     The judgment of the trial court is affirmed.


Bradford, J., and Pyle, J., concur.