## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

May 19 2016, 9:04 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

---

ATTORNEY FOR APPELLANT

Oliver S. Younge
Younge Law Office
Indianapolis, Indiana

ATTORNEY FOR APPELLEE

Pamela Buchanan
Buchanan & Bruggenschmidt, P.C.
Zionsville, Indiana

---

## IN THE
# COURT OF APPEALS OF INDIANA

---

| | |
|---|---|
| Courtney Allen, <br> *Appellant-Respondent,* <br><br> v. <br><br> Jeffrey Shelburne, <br> *Appellee-Petitioner* | May 19, 2016 <br><br> Court of Appeals Case No. 06A05-1509-DR-1399 <br><br> Appeal from the Boone Superior Court <br><br> The Honorable J. Jeffrey Edens, Judge <br><br> Trial Court Cause No. 06D02-1106-DR-96 |

**Bailey, Judge.**

# Case Summary

[1] C.A. ("Mother") appeals a custody modification order granting the physical and legal custody of K.S. to J.S. ("Father"). Mother presents the issue of whether the modification order is clearly erroneous.[1] We affirm.

# Facts and Procedural History

[2] K.S. was born in 2010. After their 2012 divorce, Mother and Father shared the physical and legal custody of K.S. However, disputes arose with regard to K.S.'s medical care. Mother made allegations of child abuse against Father and Father filed petitions seeking to have Mother held in contempt of court. In 2014, Mother filed a petition for custody modification.[2]

[3] The trial court appointed a Guardian Ad Litem ("GAL") for K.S. and ordered Mother to complete a psychological test. The trial court conducted three hearings, on November 5, 2014, April 22, 2015, and May 6, 2015. During the second hearing, the trial court heard evidence on Father's emergency custody petition. He was granted sole medical decision-making authority with regard to K.S. After the final hearing, the trial court modified the existing custody order such that Father has the sole physical and legal custody of K.S. and Mother has

---

[1] Mother also purportedly raises an issue of whether the trial court complied with Indiana Code Section 31-17-4-1, which concerns restriction of a non-custodial parent's parenting time. Mother was granted parenting time pursuant to the Indiana Parenting Time Guidelines, without restrictions. Thus, it is readily apparent that the statute is not implicated by the trial court's order.

[2] Father subsequently filed his own petition for custody modification.

parenting time pursuant to the Indiana Parenting Time Guidelines. The trial court's decision stated that the most significant weight had been given to the reports of the GAL and the psychologist who conducted testing of Mother.

[4] Mother filed a motion to correct error, which was denied without a hearing. Mother now appeals.

# Discussion and Decision

## Standard of Review

[5] We review the grant or denial of a motion to correct error for an abuse of discretion. *Williamson v. Williamson*, 825 N.E.2d 33, 44 (Ind. Ct. App. 2005). Also, a custody modification order is reviewed for an abuse of discretion, with a preference for granting deference to the trial judge in a family matter. *Wilson v. Myers*, 997 N.E.2d 338, 340 (Ind. 2013). When the trial court enters findings sua sponte, the findings control only as to the issues they cover, while a general judgment standard applies to any issue upon which the court has not found. *Julie C. v. Andrew C.*, 924 N.E.2d 1249, 1255 (Ind. Ct. App. 2010). We will affirm the general judgment on any legal theory supported by the evidence, considering only the evidence and reasonable inferences drawn therefrom that support the findings. *Id.* at 1255-56. We neither reweigh the evidence nor judge the credibility of the witnesses. *Id.* at 1256.

[6] The trial court may modify a child custody order when "(1) the modification is in the best interests of the child; and (2) there is a substantial change in one or

more of the factors that the court may consider under section 8 and, if applicable, section 8.5 of this chapter." Ind. Code § 31-17-2-21(a). The trial court is required to consider the factors of section 8, which include: the child's age and sex; the wishes of the parent(s); the child's wishes; the relationship the child has with his or her parent(s), sibling(s), and others; the child's adjustment to home, school, and community; the mental and physical health of all involved; any evidence of domestic or family violence; and any evidence that the child has been cared for by a de facto custodian. I.C. § 31-17-2-8(1)-(8).

## Analysis

[7]  The trial court entered extensive findings articulating its reasons for the custody modification decision. In relevant part, the court found that both parties were in agreement that the joint custody arrangement should be modified; the parents had refused to communicate regarding K.S.'s health care needs; K.S. could suffer harm in the future as a result of such dysfunctional communication; one parent needed to be responsible for K.S.'s care; Father was better suited to do so; Mother had shown a pattern of being disconnected and perhaps delusional about K.S.'s physical health; Mother overstated the severity of K.S.'s physical symptoms and believed K.S. to be a special needs child; despite being held in contempt of court, Mother had continued to withhold pertinent medical information from Father; Mother had not enrolled in a parental advocacy program although she had agreed to do so; Father's home provided a safer environment for K.S.; and Mother had not followed through with therapy recommendations.

[8] Mother's challenge to the decision is two-fold. She argues that the trial court ignored favorable evidence of her parenting skills and failed to address the majority of the factors of Indiana Code Section 31-17-2-8. Mother describes herself as "proactive in facilitating the child's progress and health." Appellant's Br. at 25-26. Indeed, there was testimony that Mother had sought appropriate medical care for K.S. and that he has benefitted from physical therapy and behavioral therapy.

[9] However, the record is replete with evidence that the parents have not historically communicated well in implementing medical advice. Mother has been found in contempt of court for refusal to include Father in medical decision-making. Also, she was described as being uncooperative with court-appointed professionals. A recent episode concerning duplication of a prescription was perceived by the trial court to be indicative of future possible harm to K.S. After the appointment of successive GALs, multiple contempt of court citations, a psychological evaluation, many DCS and police investigations without substantiation of abuse, and an emergency hearing, the trial court determined that K.S.'s best interests would be served by one parent's designation as the primary decision-maker and custodian. The trial court concluded that Father was the parent better suited to fulfill that role.

[10] Mother's claim that the trial court wrongly emphasized the opinion of a non-physician psychologist while ignoring testimony from K.S.'s therapist as to Mother's excellent parental participation is an invitation to reweigh the evidence. We decline to do so. An appellate court may not substitute its own

judgment for that of the trial court if evidence or legitimate inferences support the decision. *Best v. Best*, 941 N.E.2d 499, 503 (Ind. 2011). In short, there is evidence that both parents are caring and attentive to K.S.'s needs. The testimony of the expert and court-appointed witnesses is not without conflict. In light of the trial court's unique position to personally hear and adjudge the credibility of each witness, "we continue to give substantial deference to the trial court's determination of family law matters." *In re Visitation of L-A.D.W.*, 38 N.E.3d 993, 998 (Ind. 2015).

[11] As for Mother's insistence that the trial court erred in failing to "examine or address" each of the designated statutory factors, we are unpersuaded. Appellant's Br. at 15. Although the trial court is to consider the relevant statutory factors, there is no corresponding requirement that the trial court articulate a specific finding with regard to each. The "crucial supporting findings" upon which a custody modification order will be upheld consist of a finding that there has been a substantial change in at least one of the statutory factors, and that modification is in the child's best interests. *Best*, 941 N.E.2d at 502-03.[3] Such findings were made in this case, supported by the evidence and reasonable inferences.

# Conclusion

---

[3] We observe that Mother did not make a timely request for findings and conclusions pursuant to Indiana Trial Rule 52.

[12] Mother has not demonstrated that the trial court abused its discretion.

[13] Affirmed.

Bradford, J., and Altice, J., concur.