

**FILED**

Dec 31 2020, 9:00 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Richard A. Mann
Mann Law, P.C.
Indianapolis, Indiana

ATTORNEY FOR APPELLEE S.K.

I. Marshall Pinkus
Pinkus & Pinkus
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

M.G.,

*Appellant,*

v.

S.K., et al.

*Appellees.*

December 31, 2020

Court of Appeals Case No.
20A-DR-712

Appeal from the Marion Superior
Court

The Honorable Timothy W. Oakes,
Judge

Trial Court Cause No.
49D02-1403-DR-7508

**Bailey, Judge.**

# Case Summary

[1] M.G. ("Mother") and S.K. ("Father") divorced in 2015 and agreed that they would share legal custody and Mother would have sole physical custody of their only child ("Child"). On February 24, 2020, Father was granted joint physical custody of Child. Mother appeals, articulating both procedural and substantive issues. We find one issue to be dispositive: whether the trial court's order, entered in response to Mother's written request for Indiana Trial Rule 52(A) special findings and conclusions thereon, is adequate to permit meaningful appellate review. We reverse.

# Facts and Procedural History

[2] In June of 2015, Mother and Father entered into a mediated settlement regarding custody of Child, who was then eighteen months old. Father initially exercised supervised parenting time but progressed to unsupervised parenting time in accordance with the Indiana Parenting Time Guidelines.[1] Eventually, Father moved in with his mother ("Paternal Grandmother"), who is a retired teacher. Mother, who works full time and is a student, moved near her parents. Her mother ("Maternal Grandmother") is retired and has historically provided after school transportation and care for Child.

---

[1] At some point, Father completed anger management classes as part of a diversion program to resolve a charge of Criminal Confinement arising from his alleged conduct toward Mother.

[3] On March 28, 2019, Father filed a petition for custody modification, seeking joint physical custody of Child. Mother filed a cross-petition, seeking to have sole legal custody of Child, a petition for appointment of a Guardian ad Litem ("GAL"), and a timely motion for Indiana Trial Rule 52(A) special findings and conclusions. Mother also alleged Father was in contempt of court for non-payment of child support and medical expenses. Father satisfied any outstanding child support obligation, and on November 26, 2019, the trial court conducted an evidentiary hearing on the contested matter of Child's custody.

[4] The trial court heard testimony from Paternal Grandmother, Father, Maternal Grandmother, Mother, and the GAL. Paternal Grandmother testified that Mother was uncommunicative and unwilling to give Father additional parenting time. Father testified that Mother had never deprived him of court-ordered parenting time, but he considered her inflexible about additional parenting time, unwilling to communicate, and defensive when he made suggestions. Mother also testified that she did not deprive Father of court-ordered parenting time but had denied his requests for additional parenting time. She opined that Maternal Grandmother should continue to pick up Child from school because Father could provide only sporadic transportation due to his work schedule and Child would be required on Father's pick-up days to spend significant time in a vehicle. Maternal Grandmother testified that she had Child for occasional overnights, without Father having been offered that time. She confirmed that she took Child to swim classes and routinely picked her up after school.

The GAL testified that she had no environmental concerns with either parental home. She related the opinion of Child's therapist that Child was bonded with both parents. The GAL identified no concerns with Child's academic progress, socialization, or health. She described Child as "happy with her schedule" and having no "wish to change." (Tr. Vol. II, pg. 224.) Based upon Child's apparent thriving under the current custody arrangement and her expressed wishes, the GAL opined that there "were no significant changes to warrant a parenting time change." (*Id.* at 231.) Although the GAL submitted a report that referenced some 2015 psychological evaluations of the parents, the trial court specifically excluded the evaluations from evidence because they were stale. At the conclusion of the testimony, the trial court informed the parties that the modification petition would likely be denied, but the court was taking the matter under advisement pending the submission of proposed findings and conclusions.

On February 24, 2020, the trial court entered an order modifying physical custody of Child and ordering that she alternate between parental homes on a weekly basis. At Mother's request, the order was stayed pending appeal.

## Discussion and Decision

Pursuant to Indiana Code Section 31-17-2-21, a trial court may not modify a child custody order unless the modification is in the best interests of the child and there is a substantial change in one or more of the factors enumerated in Indiana Code Section 31-17-2-8. Section 8 provides that the court shall

consider the following factors: the age and sex of the child; the wishes of the child's parent or parents; the wishes of the child, with more consideration given if the child is at least fourteen years of age; the interaction and interrelationship of the child with the child's parents, sibling, and any other person who may significantly affect their best interests; the child's adjustment to their home, school, and community; the mental and physical health of all individuals involved; evidence of a pattern of domestic or family violence by either parent; evidence that the child has been cared for a by de facto custodian; and a designation in a power of attorney of the child's parent or de facto custodian. Ind. Code § 31-17-2-8 (2019).

[8] The party seeking modification of a custody order "bears the burden of demonstrating [that] the existing custody should be altered." *Steele-Giri v. Steele*, 51 N.E.3d 119, 124 (Ind. 2016). "[T]his 'more stringent standard' is required to support a change in custody, as opposed to an initial custody determination where there is no presumption for either parent because 'permanence and stability are considered best for the welfare and happiness of the child.'" *Id*. (quoting *Lamb v. Wenning*, 600 N.E.2d 96, 98 (Ind. 1992)). Additionally, Indiana appellate courts have a well-established preference "for granting latitude and deference to our trial judges in family law matters." *Id*. (quoting *In re Marriage of Richardson*, 622 N.E.2d 178 (Ind. 1993)). We neither reweigh evidence nor reassess witness credibility, and we view the evidence most favorably to the judgment. *Best v. Best*, 941 N.E.2d 499, 502 (Ind. 2011).

[9]　Here, Mother made a written request for special findings and conclusions thereon pursuant to Indiana Trial Rule 52(A). When a trial court enters findings of fact pursuant to this rule, we review for clear error, employing a two-tiered standard of review. *In re the Paternity of M.G.S.*, 756 N.E.2d 990, 996 (Ind. Ct. App. 2001). First, we must determine whether the evidence supports the trial court's findings of fact and second, we must determine whether those findings of fact support the trial court's conclusions thereon. *Id.* Findings are clearly erroneous only when the record leaves us with a firm conviction that a mistake has been made. *Bowling v. Poole*, 756 N.E.2d 983, 988 (Ind. Ct. App. 2001). We do not reweigh the evidence but consider the evidence most favorable to the judgment with all reasonable inferences drawn in favor of the judgment. *Id.* A judgment is clearly erroneous if it relies on an incorrect legal standard. *Id.*

[10]　In this case, the trial court signed Father's proposed order, after making certain deletions. The sparse factual findings included: Father historically demonstrated love and care for Child and looked out for her health proactively; he had demonstrated his ability to care for Child during extended parenting time and he participated in Child's education; Paternal Grandmother is a retired teacher; Mother had historically failed to co-parent, had failed to respond to Father's communications via Our Family Wizard as reflected in

Exhibit 1,[2] and had made unilateral decisions regarding Child (such as allowing Maternal Grandmother to transport Child to swim class and have overnight visits); Mother cancelled an ears/nose/throat appointment for Child that took three months to reschedule; Mother "allowed Child to be overweight" without formulating a plan of action with Father; and a psychological evaluation had shown Father to be "emotionally healthy." (Appealed Order at 5.) The order denotes no particular conclusion of law but includes the following conclusory language: "The court FINDS Father capable of providing for [Child]'s best interests and thereby GRANTS the petition to modify custody and parenting time." (*Id.* at 6.)

[11] At the outset, we observe that some of the limited findings lack evidentiary support. Although the trial court found that Mother allowed Child to become overweight, the evidence did not show that Child was overweight. Child was in the 99th percentile for weight for her age, but she was also in the 99th percentile for height. The GAL denied that Child appeared overweight. Father conceded that he had not been medically advised to attempt to reduce Child's weight; at most, he expressed his concern based on family history of diabetes. Even so, there was no evidence that Mother's conduct contributed to Father's concern over Child's weight. And although the trial court observed that Father had been found emotionally healthy, the trial court had specifically excluded (in two

---

[2] Father testified that Mother chose not to utilize Our Family Wizard but both parents testified to having communicated via e-mail and text.

separate rulings) the psychological evaluation upon which that observation was based.[3]

[12] As previously stated, a custody modification must be based upon best interests of the child and a substantial change in one or more of the statutory factors. *See* I.C. § 31-17-2-21. Generally speaking, the trial court is not required to enter a finding as to each factor it considered. *Hecht v. Hecht*, 143 N.E.3d 1022, 1031 (Ind. Ct. App. 2020) (citing *Russell v. Russell*, 682 N.E.2d 513, 515 (Ind. 1997)). That said, "[s]uch findings are only required if requested in writing pursuant to Indiana Trial Rule 52(A)." *Id.* Here, Mother made a written request for special findings and conclusions thereon in accordance with the applicable trial rule.

[13] "[T]he purpose of Rule 52(A) is to provide the parties and the reviewing court with the theory upon which the trial judge decided the case in order that the right of review for error may be effectively preserved." *Nunn Law Office v. Rosenthal*, 905 N.E.2d 513, 517 (Ind. Ct. App. 2009). Here, the trial court made certain factual findings praising Father's parental abilities and criticizing Mother's inflexibility. However, the theory upon which modification was premised is not evident, given the lack of reference to a substantial change in any statutory factor or an explicit conclusion that modification is in Child's best

---

[3] The GAL's summation of Father's psychological evaluation did not describe a particular diagnosis of "emotionally healthy." In 2015, Father was purportedly found to have presented narcissistic traits, but he had no diagnosis that would pose a concern with ability to parent. Mother's 2015 mental health evaluation purportedly included the observation that she had been treated for anxiety and depression, with therapy and medication.

interests. Additionally, the trial court failed to enter special findings and conclusions thereon addressing Mother's petition to modify joint legal custody of Child to Mother's sole legal custody.

# Conclusion

The trial court did not enter an order in compliance with Indiana Trial Rule 52(A) adequate to permit meaningful appellate review.

Reversed.

Robb, J., and Tavitas, J., concur.