## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Nov 19 2019, 6:52 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Heather M. Schuh-Ogle
Columbus, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Samuel Jason Hofelich,<br>*Appellant-Petitioner,*<br><br>v.<br><br>Kimberly Leann Hofelich,<br>*Appellee-Respondent* | November 19, 2019<br><br>Court of Appeals Case No.<br>19A-DR-1351<br><br>Appeal from the Bartholomew<br>Superior Court<br><br>The Honorable James D. Worton,<br>Judge<br><br>Trial Court Cause No.<br>03D01-1305-DR-2873 |

**Altice, Judge.**

### Case Summary

[1] Samuel J. Hofelich (Father) appeals from the modification of his child support obligation. He contends that the trial court abused its discretion by imputing an

inappropriately low wage to Kimberly L. Hofelich (Mother) in calculating his modified support obligation.

[2] We affirm.

## Facts & Procedural History

[3] Mother and Father have two children together, one of whom is still a minor born in July 2004 (Child). Pursuant to a dissolution decree entered on January 25, 2016, Father was ordered to pay weekly child support in the amount of $116.48.

[4] About two and a half years later, on August 8, 2018, Mother filed a petition for modification of child support. She alleged a substantial and continuing change in circumstances due to "ongoing health issues" for herself and Child and her termination from full-time employment in February 2018. *Appendix* at 31.

[5] The trial court held a brief, informal hearing regarding the petition on December 3, 2018, at which Mother and Father both proceeded pro se. Mother testified that she had lost her full-time job in February 2018 because her employer felt that she could not work full-time while also managing Child's medical condition. Mother explained, "when [Child] is ill or when she has exasperation [sic] I would have to take her with me to work and so they didn't feel I could be a full time employee …." *Transcript* at 7. When Mother testified that she was not currently working, the trial court asked if she had a disability that prevented her from working a job paying at least minimum wage. Mother

responded, "I have a hemangioma on my cerebellum bone[,]" and she indicated that she had a disability application currently pending. *Id*. at 10. Mother explained her medical condition:

> [I]t's the same condition that both of our children have its basically an en-tangulation of the … blood vessels in the brain mines in the cerebellum um it cause a lot of vertigo nausea um and the blood vessels are just very weak and they seep … so um I've had I think three different hemorrhage and it's on inoperable area ….

*Id*. at 11.

[6] Father did not dispute that Mother had lost her job for the reason stated or that Child and Mother suffer from an ongoing medical condition as described by Mother. He simply argued: "[Mother] has had advertisements on facebook for medical facials at $60.00 for a 20 minute sessions [sic] so I really struggle with her being unemployed and she just doesn't have a verifiable income in my opinion." *Id*. at 14. At the conclusion of the hearing, Father added: "I just struggle with her she's a nurse she has three decrees [sic] and can't work any from home." *Id*. at 16.

[7] Mother offered to obtain documentation from her neurosurgeon regarding her medical condition. The trial court responded, "I think your testimony suffices." *Id*. Before taking the matter under advisement, the court told Mother to inform it if she subsequently received disability benefits.

[8] On December 10, 2018, the trial court issued its order granting modification of child support. Finding a substantial and continuing change in circumstances, the court increased Father's weekly support obligation from $116.48 to $201.00. This support calculation was based on the trial court imputing weekly income to Mother at $290.00, the federal minimum wage. Father's weekly income, as reported by Father at the hearing, was $1510.00.

[9] On January 9, 2019, Father, now represented by counsel, filed a motion to correct error (MTCE). Father argued that the trial court failed to impute income to Mother "commensurate with her education, work history, skills, and ability to earn more." *Appendix* at 37. In this regard, he noted, among other things, that Mother was working as a home health nurse making more than $1000.00 per week before her termination in February 2018. Mother filed a written response to the MTCE, in which she explained why she was unable to work in her past capacity as a home health nurse. In sum, Mother argued: "Mother is disabled, unable to work in a position typical for someone of her training and professional status, this is compounded by her need to take care of the Father's two medically fragile children." *Id*. at 41. Following a brief hearing, the trial court denied Father's MTCE on May 24, 2019. Father now appeals.

### Discussion & Decision

[10] On appeal, Father challenges the amount of wages imputed to Mother by the trial court, arguing that it should have been more than minimum wage and in

line with her education, work history, skills, and earning ability. He notes that prior to her termination Mother earned more than $1000 per week as a home health nurse and asserts that she provided no evidence regarding her efforts to obtain employment or that she could not work. We reject Father's invitation to reweigh the evidence.

[11] In family law matters, our review is conducted with a "preference for granting latitude and deference to our trial judges." *In re Marriage of Richardson*, 622 N.E.2d 178, 178 (Ind. 1993); *see also Miller v. Miller*, 72 N.E.3d 952, 954 (Ind. Ct. App. 2017). We will reverse a modification of child support only where the trial court has abused its discretion. *Sandlin v. Sandlin*, 972 N.E.2d 371, 375 (Ind. Ct. App. 2012). An abuse of discretion occurs when the trial court misinterprets the law or the decision is clearly against the logic and effect of the facts and circumstances. *Id*. We do not reweigh the evidence or judge the credibility of the witnesses upon review; rather, we consider only the evidence most favorable to the judgment. *Id*. It is not enough that the evidence might have supported a different conclusion; to reverse the trial court, the evidence must lead to but one conclusion. *Steele-Giri v. Steele*, 51 N.E.3d 119, 124 (Ind. 2016).

[12] A calculation of child support pursuant to the Indiana Child Support Guidelines (the Guidelines) is presumed to be valid. *Sandlin,* 972 N.E.2d at 375. Under the Guidelines, trial courts may impute income to a parent for purposes of calculating child support based on a determination that the parent is voluntarily unemployed or underemployed without just cause. Ind. Child

Support Guideline 3(A)(3). "A determination of potential income shall be made by determining employment potential and probable earnings level based on the obligor's work history, occupational qualifications, prevailing job opportunities, and earnings levels in the community." *Id*. While trial courts have "wide discretion with regard to imputing income to ensure the child support obligor does not evade his or her support obligation," child support orders cannot be used to force parents to work to their full economic potential or make their career decisions based strictly upon the size of potential paychecks. *Miller v. Sugden*, 849 N.E.2d 758, 761 (Ind. Ct. App. 2006), *trans. denied*; *see also Meredith v. Meredith*, 854 N.E.2d 942, 947 (Ind. Ct. App. 2006); Child Supp. G. 3(A), cmt 2(c) ("Obviously, a great deal of discretion will have to be used in this determination.").

[13] Ultimately, the determination of how much potential income to attribute to an unemployed or underemployed parent is a fact-sensitive inquiry requiring careful consideration of the evidence in each case. *See* Child Supp. G. 3(A), cmt 2(c)(2) ("Discretion must be exercised on an individual case basis to determine under the circumstances there is just cause to attribute potential income to a particular unemployed or underemployed parent."). The commentary to Guideline 3(A) illustrates some considerations that might be present in a given case. With respect to job termination, the commentary observes that "potential income may be determined based upon such factors as the parent's unemployment compensation, job capabilities, education and whether other employment is available. Potential income equivalent to the

federal minimum wage may be attributed to that parent." Child Supp. G. 3(A), cmt 2(c)(4). Further, the commentary observes that a parent's ability to work might be affected by the parent's own health issues or the need to care for a disabled child. *See* Child Supp. G. 3(A), cmt 2(c)(5).

[14] Here, Mother testified that her full-time employment as a nurse was terminated as a result of the care she needed to provide to Child, who was medically fragile. Mother also testified regarding her own neurological condition that made returning to her prior profession untenable and resulted in her applying for disability benefits.[1] At the modification hearing, Father did not contest that Mother and Child had health conditions that affected Mother's ability to work in her prior capacity. He simply opined that she should at least be able to work from home and noted that she had advertised medical facials on Facebook.

[15] Based on the evidence presented, the trial court determined that Mother was underemployed, and the court imputed income to her equivalent to working full time at the federal minimum wage. Thus, the court believed that Mother could work in a limited capacity but could not (or had just cause not to) return to the type of work that she had prior to her termination. The trial court's imputation of potential income to Mother at an amount significantly less than what she

---

[1] Father misconstrues Child Supp. G. 3(G)(5)(a)(3), which addresses modification of support based on Social Security Disability benefits paid to a parent for the benefit of a minor child.

made prior to termination of her employment as a nurse was supported by the evidence and within the trial court's broad discretion.

[16]     Judgment affirmed.

Brown, J. and Tavitas, J., concur.