## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Oct 30 2020, 9:52 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Nathan D. Hoggatt
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE
STATE OF INDIANA

Curtis T. Hill, Jr.
Attorney General of Indiana

Monika Prekopa Talbot
Aaron T. Craft
Deputy Attorneys General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Robert E. West, Jr., *Appellant-Respondent,* v. Anicka M. West and State of Indiana by the IV-D Prosecutor of Wells County,[1] *Appellees-Petitioners.* | October 30, 2020 Court of Appeals Case No. 20A-DR-1145 Appeal from the Wells Superior Court The Honorable Chad E. Kukelhan, Special Judge Trial Court Cause No. 90D01-0611-DR-85 |

---

[1] Anicka M. West did not file a brief or otherwise participate on appeal; however, pursuant to Ind(iana) Appellate Rule 17(A), "A party of record in the trial court . . . shall be a party on appeal."

**Mathias, Judge.**

[1] Robert West, Jr. ("Father") appeals the Wells Superior Court's order denying his motion to modify his child support obligation. On appeal, Father claims that the trial court abused its discretion when it denied his petition, arguing that he is unable to maintain employment due to physical limitations.

[2] We affirm.

## Facts and Procedural History

[3] Father and Anicka West ("Mother") (collectively "Parents") have two children: fourteen-year-old D.W. and sixteen-year-old A.W. Parents are married but have been separated for almost fourteen years. In November 2018, Parents entered into a joint stipulation establishing Father's child support obligation in the amount of $150.00 per week. This amount deviated from the amount calculated on Father's child support worksheet. But Parents agreed to lower Father's child support obligation because Father had obtained a lower-paying job, and Parents were unsure of the number of overnight visits Father would have with the children.

[4] On January 31, 2020, Father filed a petition to modify his child support obligation. In the petition, Father alleged that he was no longer able to work because he is physically incapacitated and that his obligation should be reduced because he regularly exercises overnight parenting time with one of the two children.

[5]     The trial court held a hearing on Father's petition to modify on May 18, 2020. Father was represented by counsel, and Mother proceeded pro se. The Title IV-D Prosecutor participated in the hearing as well.

[6]     At the hearing, Father testified that on the date the joint stipulation was filed, he was working full-time at a small used car lot in Bluffton, Indiana. Father stated that he left his employment in December 2018 due to physical limitations. Father testified that he suffers from migraines, several herniated discs in his spine and neck, and arthritis. Tr. p. 5. Due to his neck and back pain, Father cannot perform physical labor. Father stated he cannot walk long distances, bend down, or lift things. When he suffers from migraines, he stays in bed the entire day. Tr. p. 13.

[7]     Father stated he receives medical treatment from an orthopedic doctor, a neurologist, a chiropractor and his family doctor. The only evidence Father submitted to the trial court to support his claims were two documents from Father's chiropractor stating that he is unable to work due to his back and neck pain. Ex. Vol., Respondent's Exs. A & B.

[8]     Father applied for social security disability, but his application was denied. Father testified that a disability attorney informed him that he will not currently qualify for social security disability. Tr. p. 8. However, he plans to apply for social security disability in the future if he is still unable to work. Father stated that he currently has no income. His girlfriend, with whom he has an eight-month-old child, has been paying his child support each month.

[9] Between August 2019 and April 2020, Father exercised seventy-three overnights with at least one child. At the end of April 2020, Father and the children had a heated argument, and the children have not returned for overnight visitation since that time.

[10] On the child support worksheet Father prepared and submitted to the trial court, he imputed minimum wage income to himself and a parenting time credit of ninety-six to 100 overnights. Father calculated that his modified child support obligation would be $33 per week. Father also requested that an order modifying his child support be retroactive to the date of filing.

[11] Parents' children testified that they do not intend to stay at their Father's house overnight anytime in the near future due to the argument they had at the end of April 2020. Tr. pp. 16, 21–22. The children stated that Father makes money by selling used furniture. The children provided pictures of a barn full of furniture that Father purchased or obtained for free with the intent of reselling the items. Tr. pp. 17, 22; Ex. Vol., Petitioner's Ex. 1, 2, 3, & 4. D.W. testified that Father helps load the furniture even though he complains of back pain. Tr. p. 18. Mother also testified that Father has been buying and selling furniture for several years. Tr. p. 24. Father claimed the furniture belonged to his girlfriend's parents and he makes very little money selling it. Tr. pp. 26–27.

[12] The trial court, after considering the parties' evidence and argument, orally denied Father's petition to modify his child support obligation. The court stated that Father's testimony was not credible. Tr. pp. 30–31. On May 22, 2020, the

trial court issued a written order denying Father's petition to modify his child support obligation. Father now appeals. Mother did not file a brief, but the State filed an Appellee's Brief.

## Standard of Review

[13] Our supreme court has expressed a "preference for granting latitude and deference to our trial judges in family law matters." *In re Guardianship of M.N.S.*, 23 N.E.3d 759, 765–66 (Ind. Ct. App. 2014). Appellate deference to the determinations of trial court judges, especially in domestic relations matters, is warranted because of their unique, direct interactions with the parties face-to-face, often over an extended period of time. *Best v. Best*, 941 N.E.2d 499, 502 (Ind. 2011). Because trial courts are tasked with assessing credibility and character through both factual testimony and intuitive discernment, trial judges are in a superior position to ascertain information and apply common sense, particularly in the determination of the best interests of the child involved. *Id.* Therefore, we neither reweigh the evidence nor reassess witness credibility, and we view the evidence most favorably to the judgment. *Id.*

[14] We also note that Parents did not request, and the trial court did not issue findings of fact and conclusions of law pursuant to Ind. Trial Rule 52; therefore, the general judgment standard applies. We may affirm "a general judgment on any theory supported by the evidence adduced at trial." *Miller v. Carpenter*, 965 N.E.2d 104, 108–09 (Ind. Ct. App. 2012).

# Discussion and Decision

[15]    Father argues that the trial court abused its discretion when it denied his petition to modify his child support obligation for three reasons: 1) his health condition constitutes a new and substantial circumstance impacting his ability to maintain employment; 2) he has a new child; and 3) he was exercising significant parenting time with at least one of his children. Indiana Code section 31-16-8-1 governs modification of child support orders and provides in relevant part:

> (a) Provisions of an order with respect to child support . . . may be modified or revoked.
>
> (b) Except as provided in section 2 of this chapter, . . . modification may be made only:
>
>> (1) upon a showing of changed circumstances so substantial and continuing as to make the terms unreasonable; or
>>
>> (2) upon a showing that:
>>
>>> (A) a party has been ordered to pay an amount in child support that differs by more than twenty percent (20%) from the amount that would be ordered by applying the child support guidelines; and
>>>
>>> (B) the order requested to be modified or revoked was issued at least twelve (12) months before the petition requesting modification was filed.

[16]    Father requested a child support modification because he currently has no income and argues he is not able to work due to his physical condition.

Therefore, Father claims that he presented evidence of changed circumstances so substantial and continuing as to make the terms of the current child support order unreasonable and that the amount he is ordered to pay differs by more than twenty percent from the amount he would be ordered to pay by applying the child support guidelines. Because the trial court denied Father's petition, the court necessarily concluded that Father is voluntarily unemployed and imputed income to him.

[17] We review a trial court's decision concerning imputation of potential income for an abuse of discretion. *Miller v. Miller*, 72 N.E.3d 952, 955 (Ind. Ct. App. 2017). The Indiana Child Support Guidelines ("the Guidelines") provide,

> If a court finds a parent is voluntarily unemployed or underemployed without just cause, child support shall be calculated based on a determination of potential income. A determination of potential income shall be made by determining employment potential and probable earnings level based on the obligor's work history, occupational qualifications, prevailing job opportunities, and earnings levels in the community.

Ind. Child Support Guideline 3(A)(3). "Potential income may be determined if a parent has no income, or only means-tested income, and is capable of earning income or capable of earning more." *Id.* cmt. 2c.

[18] The only evidence supporting Father's claims concerning his physical condition and ability to maintain employment was his own self-serving testimony and two notes from his chiropractor. D.W. testified that although Father complains of back pain, he is still able to sell furniture and load it into vehicles. Tr. p. 18.

Moreover, Father's application for social security disability was denied, and he admitted that an attorney told him he does not currently qualify for social security disability. Tr. p. 8. After considering the evidence presented, the trial court concluded that Father's testimony concerning his ability to work was not credible. Tr. pp. 30–31. Our court will not reweigh the trial court's credibility determination on appeal. *See Best*, 941 N.E.2d at 502.

[19] For all of these reasons, we conclude that the trial court did not abuse its discretion when the court imputed income to Father after determining that Father is voluntarily unemployed.[2]

[20] Next, we consider Father's arguments concerning his subsequently born child and parenting time credit for overnight visitation. In his brief, Father does not argue that either of these circumstances meets the threshold for modification enumerated in Indiana Code section 31-16-8-1(b).

[21] The State provided calculations in its brief utilizing the parties' 2018 stipulated child support worksheet to demonstrate that these circumstances would not cause Father's child support obligation to differ by more than twenty percent. *See* Appellee's Br. at 13–15. The State also notes that in November 2018 the

---

[2] In support of his argument that his proposed child support obligation differs by more than twenty percent of the current obligation, Father relies on his child support worksheet and emphasizes that Mother did not submit her own worksheet. In his worksheet, Father imputed minimum wage income to himself. Mother disputed Father's claim that he had no income and was unable to maintain employment. She desired to maintain the support order established in November 2018. Therefore, Mother had no reason to submit a proposed child support worksheet. Father's worksheet does not support his claim that a child support modification is warranted because the trial court concluded that Father's claim that he is unable to work was not credible.

parties agreed to deviate from the guideline amount, lowering Father's child support from $186.57 per week to $150.00 per week. One reason for the deviation was the undetermined number of days of overnight parenting time Father would exercise with the children. Finally, the children do not anticipate having overnight visitation with Father at any time in the near future.

[22] For all of these reasons, Father did not prove that either circumstance warrants a modification of his child support obligation.

## Conclusion

[23] Father's arguments are simply a request to reweigh the evidence and credibility of the witnesses. We therefore affirm the trial court's denial of Father's petition to modify his child support obligation.

[24] Affirmed.

Bradford, C.J., and Najam, J. concur.